UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Patterson,<br><br>                              Plaintiff,<br><br>          -v-<br><br>Sapphire Resorts *et al.*,<br><br>                              Defendants. | 2:23-cv-2916<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On July 8, 2024, Defendants Sapphire Resorts and Starpoint Resort Ground, Inc., ("Defendants"), filed a Motion to Dismiss the Amended Complaint. (ECF No. 31.) On November 20, 2024, Magistrate Judge Steven I. Locke issued a Report and Recommendation (the "R&R") recommending that Defendants' Motion to Dismiss be granted and that the Amended Complaint be dismissed without prejudice to filing in the proper forum due to lack of subject matter jurisdiction and personal jurisdiction and because venue is improper under the arbitration clause and forum selection cause of the Purchase Agreement at issue. (R&R, ECF No. 36.) A copy of the R&R was filed electronically on November 20, 2024. (*See id*. at 20.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service, *i.e.*, by December 4, 2024. (R&R at 20.)

The date for filing any objections has thus expired, and no party has filed an objection to the R&R.[1] In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007)).

Because a motion to dismiss is dispositive, and because no party has filed timely objections to the R&R, I review the R&R for clear error. Having conducted a review of the motion papers and the applicable law, and having reviewed the R&R *de novo* out of an abundance of caution, I adopt the thorough and well-reasoned R&R in its entirety. Accordingly, I grant Defendants' Motion to Dismiss the Amended Complaint (ECF No. 31) in its entirety. I dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction.

---

[1] Plaintiff, through counsel, filed a motion for an extension of time to file objections to the R&R on the date that the objections were due. (ECF No. 37.) The Court denied this motion because it failed to comply with the Court's Individual Rules requiring the parties to meet and confer prior to submitting such a request and because Plaintiff, through counsel, has shown a pattern of untimely filings, and because the Court has previously placed the Plaintiff on notice that his untimely filings fail to comply with the Court's rules. (*See* Elec. Order, Dec. 6, 2024; *see also* Elec. Order, Apr. 12, 2024.) The Court notes that the Court has granted Plaintiff numerous opportunities to establish that this Court has subject matter jurisdiction over this action. (ECF No. 15; Elec. Order, Mar. 7, 2024; Elec. Order, Apr. 12, 2024; Elec. Order, June 10, 2024.) Despite these opportunities, Plaintiff has failed to establish subject matter jurisdiction for the reasons articulated in the R&R (R&R at 6–12), and accordingly, the Amended Complaint must be dismissed under Rule 12(h) of the Federal Rules of Civil Procedure. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024).

In the alternative, I dismiss the Amended Complaint without prejudice for lack of personal jurisdiction over any of the Defendants and because venue is improper under the arbitration clause and forum selection clause of the Purchase Agreement at issue in this action.

Dated: Central Islip, New York
December 6, 2024

                                             */s Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge